UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Samuel Goldstein, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br><br> -v.-<br><br>Vital Recovery Services, LLC,<br><br>       Defendant(s). | Civil Action No: 7:22-cv-729<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Samuel Goldstein (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Vital Recovery Services, LLC (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with a business address of 3795 Data Dr Ste 200, Peachtree Corners, GA 30092 and an address for service of process at Corporation Service Company, 80 State Street Albany, NY 12207.

9. Defendant uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Defendant sent a letter attempting to collect a debt;

   c. on behalf of the creditor Nissan Motor Acceptance Corp.;

   d. in which Defendant characterizes the total amount due as principal;

   e. when, in fact, part of the total amount represents interest and/or fees;

   f. and for which Defendant called the individual on a least one occasion to collect on the Nissan Motor Acceptance Corp. debt.

   g. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. § l692d, § l692e and § 1692g et seq.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above are so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. § l692d, § l692e and § 1692g et seq.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**FACTUAL ALLEGATIONS**

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to March 20, 2021, an obligation was allegedly incurred by Plaintiff to the creditor, Nissan Motor Acceptance Corp. The subject debt was allegedly incurred by Plaintiff solely for personal, household or family purposes, specifically a personal Nissan Rogue AWD automobile lease.

21. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

22. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

23. Upon information and belief, Nissan Motor Acceptance Corp. contracted Defendant to collect the defaulted debt.

24. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

25. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a (6).

*Violation – March 20, 2021 Collection Letter*

26. On or about March 20, 2021, Defendant sent the Plaintiff a collection letter ("Letter") regarding the subject debt with an account number ending in 5512. (See Letter at Exhibit A.)

27. In the Letter, Defendant states:

| | |
|---|---|
| Principal Amount Due: | $762.59 |
| Interest Due: | $0.00 |
| Misc. Fee Due: | $0.00 |
| Balance Due: | $762.59 |

28. Plaintiff maintains that he does not owe all or part of this debt.

29. The Letter categorizes the entirety of the balance as principal, when in fact, the total balance includes principal as well as interest and/or fees.

30. Therefore, the principal amount listed in the Letter is incorrect, confusing, misleading and deceptive.

31. According to Nissan Motor Acceptance Corporation ("Nissan"), in a Account Statement dated September 3, 2020 (See Exhibit B for Account Statement), Plaintiff's account was subject to late charges as well as miscellaneous charges, including:

>   Late Charges Due: $13.55
>   Misc. Charges    $290.96

32. Because of this, Plaintiff expended time and money in determining the proper course of action.

33. While the Defendant listed the charges are zero, Plaintiff was sure that Nissan had charged him late fees and other charges.

34. Defendant was required inform Plaintiff of the correct amount of the debt.

35. By sending the Letter to Plaintiff with a mischaracterization of the debt owed, Defendant failed to meet its statutory obligation.

36. Defendant used this mischaracterization to try and lure Plaintiff into thinking he only owed principal, while in fact part of the amount due was attributed to late charges and miscellaneous charges.

37. This tactic unfairly helps Defendant to motivate consumers to pay more than they otherwise would, as consumers are more likely to pay back principal than fees or other miscellaneous charges.

38. Furthermore, Defendant called Plaintiff on December 27, 2021 attmepting to collect the subject debt.

39. A representative from Defendant's office, Kevin Baker, was rude to Plaintiff, was unwilling to let Plaintiff explain himself, and refused to send Plaintiff verification in the mail.

40. Plaintiff expressed that he was worried to give out his personal information to potential scammers, upon which Mr. Baker roughly replied, "you and I both know this is not a scam."

41. When Plaintiff kindly asked Mr. Baker to send him something in the mail, Mr. Baker replied, "we have already done that." Mr. Baker also stated, "this simply just prolongs the inevitable."

42. Mr. Baker protested that "we are not going to keep sending you stuff in the mail."

43. Plaintiff reiterated that he just wanted to be "100% sure…," upon which Mr. Baker refused to let him finish his sentence and again told him he was trying to "prolong the inevitable."

44. These kind of harassing debt collection tactics are the type the FDCPA seeks to prevent.

45. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

46. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

47. Now, consumers have a right to receive proper notice of their debts.

48. When a debt collector fails to effectively inform the consumer of their debts, in violation of statutory law, the debt collector has harmed the consumer.

49. These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

50. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

51. Defendant's deceptive, misleading and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

52. Plaintiff was confused and misled to his detriment by the statements and/or omissions in the dunning letter, and relied on the contents of the letter to his detriment.

53. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

54. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692d *et seq.***

55. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

56. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

57. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

58. Defendant violated §1692d:

   a. By calling Plaintiff and harassing him to pay a debt he does not owe and failing to give him a chance to explain why he does not owe the debt;

59. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

60. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

61. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

62. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

63. Defendant violated §1692e:

   a. As the letter falsely represents the character, amount and/or legal status of the debt in violation of §1692e(2)(A); and

  b. As the letter makes a false and misleading representation in violation of §1692e(10).

64. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

65. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

66. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

67. Pursuant to 15 U.S.C. §1692g(a)(1), debt collector shall send consumers a written notice containing the amount of the debt.

68. Defendant misstated and mischaracterized the amount of the debt owed, thereby violating § 1692g.

69. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

70. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Samuel Goldstein, individually and on behalf of all others similarly situated, demands judgment from Defendant Allied Account Services, Inc. as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 27, 2022                         Respectfully Submitted,

                                                **STEIN SAKS, PLLC**

                                                 **/s/ Tamir Saland**
                                                Tamir Saland, Esq.
                                                One University Plaza, Ste. 620
                                                Hackensack, NJ 07601
                                                Ph: 201-282-6500 ext. 122
                                                Fax: 201-282-6501
                                                tsaland@steinsakslegal.com
                                                *Counsel for Plaintiff*